IN THE SUPREME COURT OF THE STATE OF DELAWARE

TAMEKE WRIGHT, § 
§ No. 307, 2019
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1802015485
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: December 10, 2019
Decided: January 24, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the appellant's brief filed under Supreme Court Rule 26(c), her attorney's motion to withdraw, and the State's response, the Court concludes that:

(1)     In May 2018, a grand jury indicted the appellant, Tameke Wright, for Murder by Abuse or Neglect in the First Degree. The charge arose from the death of a fifteen-month-old child in her care. On February 1, 2019, Wright pled guilty in exchange for the State agreeing not to ask for a life sentence. The Superior Court ordered a pre-sentence investigation. On June 24, 2019, the Superior Court sentenced Wright to forty years of Level V incarceration, suspended after thirty-five years for decreasing levels of supervision. This appeal followed.

(2)     On appeal, Wright's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Wright of the provisions of Rule 26(c) and provided Wright with a copy of the motion to withdraw and the accompanying brief.

(3)     Counsel also informed Wright of her right to identify any points she wished this Court to consider on appeal. Wright has submitted points for this Court's consideration.[1] The State has responded to Wright's arguments and has moved to affirm the Superior Court's judgment.

(4)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(5)     Wright's arguments on appeal may be summarized as follows: (i) Counsel was ineffective; (ii) she was coerced to plead guilty and tried to withdraw her guilty plea; and (iii) the State violated its discovery obligations under Superior

---

[1] A relative of Wright submitted a letter with points. Counsel confirmed with Wright that she wished for the Court to consider the points.

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

Court Criminal Rule 16 and *Brady v. Maryland*.[3] We do not address Wright's ineffective assistance of claims because we do not consider such claims for the first time on direct appeal.[4] After careful consideration of the remaining claims, we find no merit to Wright's appeal.

(6)     Contrary to Wright's contentions, the record reflects that her plea was knowing, intelligent, and voluntary. In the Truth-in-Sentencing Guilty Plea form, Wright indicated that she freely and voluntarily decided to plead guilty and that she understood she was waiving certain constitutional rights. During the plea colloquy, Wright affirmed that she had reviewed the plea agreement and Truth–In–Sentencing Guilty Plea form with Counsel, no one threatened or forced her to plead guilty, she understood she was facing a sentence of fifteen years to life imprisonment, and no one promised her what the sentence would be. As Wright notes, she initially answered "no" when the Superior Court asked her if she recklessly caused the death of a child through abuse or neglect. She changed her answer to "yes" when the Superior Court asked her the question again. When the Superior Court asked Wright if her first answer was a mistake, she answered affirmatively. Absent clear and convincing evidence to the contrary, which she has not identified, Wright is bound

---

[3] 373 U.S. 83 (1963).
[4] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

by her representations during the plea colloquy and in the Truth-in-Sentencing Guilty Plea Form.[5]

(7) Wright also contends that she attempted to withdraw her guilty plea as permitted by Superior Court Criminal Rule 32(d). That rule provides:

> If a motion for withdrawal of a plea of guilty or nolo contendere is made *before* imposition or suspension of sentence or disposition without entry of a judge of conviction, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. *At any later time, a plea may be set aside only by motion under Rule 61*.[6]

The Superior Court did not receive the letter in which Wright stated that she had changed her mind and wished to go to trial until the day after her sentencing. At sentencing, Wright did not say anything to the Superior Court judge about withdrawing her guilty plea. There was no basis, therefore, for the Superior Court to consider Wright's wish to withdraw her guilty plea before sentencing. Wright may still pursue this claim under Superior Court Criminal Rule 61 subject to appellate review by this Court of any denial of postconviction relief.

(8) As to her discovery violation claims, Wright fails to identify the discovery that was allegedly withheld from her. In any event, her knowing and

---

[5] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[6] Super. Ct. Crim. R. 32(d) (emphasis added).

voluntary guilty plea waived any objection to alleged errors and defects before entry of the plea.[7]

(9)     Having carefully reviewed the record, we conclude that Wright's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Wright could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[7] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003); *Downer v. State*, 543 A.2d 309, 312–13 (Del. 1988).

5